IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HELMSMAN MANAGEMENT SERVICES, LLC, | § <br> § <br> § No. 272, 2020 <br> § <br> § Court Below—Superior Court <br> § of the State of Delaware <br> § <br> § C.A. No. N17C-04-270 <br> § <br> § <br> § <br> § |
| Defendant Below, Appellant, | |
| v. | |
| ANDREW M. FERRARI, | |
| Plaintiff Below, Appellee. | |

Submitted: August 19, 2020
Decided: September 9, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1) The appellant, Helmsman Management Services, LLC ("Helmsman"), has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion dated June 23, 2020, which denied Helmsman's motion for summary judgment.

(2) The plaintiff-appellee, Andrew M. Ferrari, alleges that he incurred work-related, repetitive-trauma injuries in or around the beginning of October 2016, while working for SolarCity Corporation ("SolarCity"). American Zurich Insurance

Company ("Zurich") was SolarCity's workers' compensation insurer. Helmsman contracted with SolarCity and Zurich to act as a third-party claims administrator ("TPA") for workers' compensation claims. Ferrari asserted claims against Helmsman for bad-faith delay and denial of timely payment of workers' compensation benefits, as well as intentional infliction of emotional distress.

(3)     Helmsman sought summary judgment, arguing that Ferrari cannot maintain bad-faith claims against Helmsman because Helmsman is not a party to the insurance contract between Zurich and SolarCity, and therefore has no contractual obligations to Ferrari from which a duty of good faith would arise. Relying on *Thomas v. Harford Mutual Insurance Company*,[1] Ferrari argued that a TPA may be sued directly for its bad-faith handling of a workers' compensation claim.

(4)     The Superior Court denied Helmsman's motion for summary judgment. The court determined that *Thomas* had "held that the TPA may be sued directly for its bad faith handling of a workers' compensation claim because the TPA's duty is coextensive with the insurer."[2] The court distinguished two cases on which Helmsman relied—*Colbert v. Goodville Mutual Casualty Company*[3] and *Lipchock*

---

[1] 2003 WL 220511 (Del. Super. Ct. Jan. 31, 2003), *vacated on other grounds by* 2003 WL 21742143 (Del. Super. Ct. July 25, 2003) (vacating summary judgment for defendants on plaintiff's claim of intentional infliction of emotional distress).

[2] *Ferrari v. Helmsman Mgmt. Servs., LLC*, 2020 WL 3444106, at *4 (Del. Super. Ct. June 23, 2020).

[3] 2010 WL 2636860 (Del. Super. Ct. June 30, 2010).

*v. New Castle County*[4]—and concluded that "[o]n this narrow issue of whether a plaintiff may sue a TPA for breach of the duty of good faith and fair dealing arising from a workers' compensation contract, there is no contradictory Delaware authority."[5]  The court therefore held that Ferrari's "bad faith claim against Helmsman does not fail as a matter of law on the basis that a TPA is not a party to the insurance contract" and denied Helmsman's motion for summary judgment.[6] Helmsman moved for reargument, which the Superior Court denied.

(5)    Helmsman asked the Superior Court to certify an interlocutory appeal. It argued that the court's opinion decided a substantial issue of material importance[7] because the denial of summary judgment addressed the merits of the case by determining that Ferrari's bad-faith breach of contract claim did not fail as a matter of law, even though Helmsman is not a party to the contract at issue.  Helmsman also argued that there are conflicting decisions of the trial courts on the question[8] of whether a TPA can be liable for bad-faith breach of an insurance contract to which it is not a party; review of the interlocutory order would terminate the litigation[9] if this Court reversed the Superior Court's decision; and review of the order would

---

[4] 2013 WL 4674855 (Del. Super. Ct. July 12, 2013).
[5] *Ferrari*, 2020 WL 3444106, at *5.
[6] *Id.*
[7] DEL. SUPR. CT. R. 42(b)(i).
[8] *Id.* R. 42(b)(iii)(B).
[9] *Id.* R. 42(b)(iii)(G).

3

serve considerations of justice[10] because holding that a TPA can be liable for breach of an insurance contract to which it is not a party "is a significant departure" from fundamental principles of contract law and might have "dramatic implications for how all workers' compensation insurers and TPAs conduct business in Delaware going forward."

(6)    The Superior Court denied Helmsman's application for certification of an interlocutory appeal.[11]   The court determined that there are not conflicting decisions of the trial court regarding whether a TPA can be liable for bad-faith breach of an insurance contract because, as the court determined in its opinion denying summary judgment, *Thomas* addressed that issue and *Colbert* and *Lipchock* are distinguishable.[12]   The court also found that interlocutory review would not terminate the litigation because, even if Helmsman prevailed in an interlocutory appeal, further proceedings in the Superior Court would be necessary in order to resolve several of Ferrari's other arguments, which the court did not address because they were obviated by the court's decision to follow *Thomas*.[13]   Finally, because *Thomas* was decided in 2003, the court found that its decision was neither a "significant departure" from existing law, nor likely to have far-reaching

---

[10] *Id.* R. 42(b)(iii)(H).
[11] *Ferrari v. Helmsman Mgmt. Servs., LLC*, 2020 WL 4818889 (Del. Super. Ct. Aug. 19, 2020).
[12] *Id.* at *2.
[13] *Id.*

4

implications for the workers' compensation landscape; thus, the court concluded that interlocutory review would not serve considerations of justice.[14]

(7)   We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[15]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[16] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[17]

(8)   Similarly, the considerations set forth in Rule 42(b)(iii) do not weigh in favor of interlocutory review in this case.  Reversal of the Superior Court's decision would not terminate the litigation, because the opinion did not address the other grounds on which Ferrari argued that Helmsman could be liable.  Moreover, regardless of whether *Thomas* is applicable and correctly decided, its existence suggests that the Superior Court's decision is not likely to cause widespread

---

[14] *Id.*
[15] DEL. SUPR. CT. R. 42(d)(v).
[16] *Id.* R. 42(b)(ii).
[17] *Id.* R. 42(b)(iii).

5

disruption to the workers' compensation landscape while litigation proceeds in this case.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice